**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0171, <u>Lawrence Sprague v. Marc Josephson</u>, the court on January 22, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, Marc Josephson, appeals an order of the Circuit Court (<u>Gordon</u>, J.) in favor of the plaintiff, Lawrence Sprague. The defendant contends that the evidence was insufficient to find that he was personally liable for services that the plaintiff performed for J & F Associates, Inc. (corporation).

We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. <u>In re Estate of Couture</u>, 166 N.H. 101, 113 (2014). We view the evidence in the light most favorable to the appellee and accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. <u>Id</u>.

In this case, the evidence shows that the plaintiff performed services for the corporation, in its normal course of business, by acting as a manufacturer's representative. The plaintiff stated that he worked for the corporation and that his claim was based upon an invoice for work he did "on behalf of" the corporation. He stated that the payments to him were based upon a proposal that he sent to the corporation. He described the defendant as "the person in . . . his . . . company who signs the checks, who I talk with about payments, who's indicated to me when . . . payments were available. . . . [T]hat's how I conducted my business with his company." The record shows that previous payments to the plaintiff were made by the corporation using corporate checks signed by the defendant.

The plaintiff did not demonstrate to the trial court why the defendant should be found personally liable for his services. <u>See</u> <u>Mbahaba v. Morgan</u>, 163 N.H. 561, 568 (2012) (stating that ordinarily corporate owners are not liable for company's debts because company and its owners are considered separate legal entities). The plaintiff stated that "there is a past record of [the defendant] paying me for invoices very similar to this one. . . . [The defendant] is responsible for that. He is the person I sent invoices to. He's the person I interacted directly

with about any payment that came from" the corporation. The plaintiff stated that the defendant "was the person who [he] had the financial relationship [with] and who signed the checks and who had to agree to sign the checks." However, this does not show that the defendant was personally liable for the plaintiff's services. Cf. Norwood Group, Inc. v. Phillips, 149 N.H. 722, 724 (2003) (holding corporate owner may be personally liable if owner used corporate identity to promote injustice or fraud on plaintiffs).

Therefore, we conclude that the trial court's finding that the defendant was a proper party lacks evidentiary support.

Reversed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**